UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. White, #080622, | ) C/A No. 4:05-877-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Jon Ozmint; and | ) |
| South Carolina Department of Corrections, | ) |
| | ) |
| Defendant(s). | ) |
| | ) |

This is a civil action filed by a state prison inmate *pro se.*[1] Plaintiff is currently incarcerated at the McCormick Correctional Institution, part of the South Carolina Department of Corrections (SCDC) prison system. He is serving a sentence for rape that was originally entered in 1976. Plaintiff was incarcerated on the rape conviction from 1976 under 1984, when he was released on parole. According to Plaintiff, he remained faithful to his conditions of parole until 1999, when his parole was revoked and he was returned to prison. During the time that he was out of prison on parole, Plaintiff alleges that he was involved in a serious automobile accident that left him with permanent injuries.

In the Complaint filed in this case, Plaintiff seeks damages and injunctive relief from Defendants because he contends that SCDC was "negligent" in releasing him on parole in 1984. He claims that this "negligence" caused and/or contributed to his injuries from the car accident as well as his loss of good time sentence credits and inmate pay for the period between 1984 and 1999, when

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

he was returned to prison. Plaintiff does not cite to any federal statute or constitutional provision as the basis for his claims. Instead, the entire Complaint is based on charges of negligence against Defendants.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).[2] Even under this less stringent

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). *See* York v. Huerta-Garcia, 36 F. Supp. 2d 1231 (S.D. Cal. 1999)(Even in *pro se* context, the Plaintiff

standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).[3]

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see* Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *see* American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in

---

bears the burden of pleading sufficient facts to state a claim.).

[3]Under § 1915(e)(2)(B)(i), a claim asserted by a *pro se* plaintiff proceeding *in forma pauperis* may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, inter alia, the Defendants are immune from suit, id . at 327, the claim seeks to enforce a right which clearly does not exist, id., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir.1990). Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U .S. at 327. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and both Defendants are residents of South Carolina. This much is clear from the service documents showing South Carolina addresses for Defendants provided by Plaintiff at the time he filed his Complaint. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. As stated above, Plaintiff's Complaint contains only allegations of negligence against Defendants and, essentially, state a personal injury/tort action only. *See, e.g.*, Bloom v. Ravoira, 529 S.E.2d 710 (S.C. 2000)(negligence); Howard v. South Carolina Dept. of Highways, 538 S.E.2d 291 (S.C. Ct. App.2000)(property loss and damage by negligence is recoverable). Generally, such personal injury/negligence disputes are a matter of state law to be heard in the state courts, unless

diversity of citizenship is present.  *See* Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D. S.C. 1992).  Since, as previously shown, there is no diversity jurisdiction in this case, this Court cannot consider Plaintiff's negligence claims under that form of federal jurisdiction.

Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by Defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint.  However, even if Plaintiff had made assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them if the facts did not support Plaintiff's contentions.  When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case.  District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction."  *See*  Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35  (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908);  *cf.* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983[4] do not impose

---

[4]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).  The purpose of section 1983 is to deter state actors from using badge of their authority

liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See* DeShaney v. Winnebage County Dep't of Social Servs., 489 U.S. 189, 200-03 (1989). Moreover, negligent deprivations of personal property such as lost inmate pay or other economic losses do not support an action for damages under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986)(negligent deprivations of property do not implicate due process interests); *see also* Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir. 1986)(court should deny section 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property). Cases from outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); Slaughter v. Anderson, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although Plaintiff does not have a federal claim for the alleged negligence of Defendants, he potentially has a remedy in South Carolina state courts.

Under South Carolina law, Plaintiff's claims of negligence against Defendants, a state agency and an employees of that agency are arguably cognizable under the South Carolina Tort Claims Act, S. C. Code Ann. § 15-78-10 *et seq*. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the South Carolina Tort Claims Act, a claimant is required to file an administrative claim with the agency, political subdivision, or the State Budget and Control Board

---

to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

before seeking judicial relief in state court. *See* S.C. Code Ann. § 15-78-80.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>; <u>Neitzke v. Williams</u>; <u>Haines v. Kerner</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); <u>Boyce v. Alizaduh</u>; <u>Todd v. Baskerville</u>, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 4, 2005
Florence, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**

**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503